UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAWN CAMPBELL,<br><br>        Plaintiff(s),<br><br> v.<br><br>WALDEN ASSET MANAGEMENT, LLC,<br><br>        Defendant(s). | Case No. 2:17-CV-798 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff Dawn Campbell's motion for default judgment. (ECF No. 9).

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual

**James C. Mahan**
**U.S. District Judge**

allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

On August 16, 2017, plaintiff filed a motion for entry of clerk's default. (ECF No. 6). On August 17, 2017, the clerk entered default. (ECF No. 7).

In the instant motion, plaintiff seeks a default judgment that defendant's conduct was in violation of the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 9). Plaintiff filed a complaint against defendant and defendant was timely served, but has not communicated with plaintiff's counsel or otherwise appeared in this action. *Id.* In violation of § 1692 of the FDCPA, plaintiff contends that defendant called plaintiff five separate times between June 3 and June 11, 2016, despite plaintiff's request that defendant stop contacting her and to provide validation of plaintiff's alleged debt. *Id.* Defendant never provided plaintiff with validation. *Id.* Plaintiff also alleges that defendant failed to provide written notice to plaintiff that she had thirty days to dispute the alleged debt before defendant could assume the debt was valid. *Id.* Lastly, at no point did defendant disclose to plaintiff that it was a debt collector. *Id.*

Debt collectors in violation of 15 U.S.C. § 1692 are liable for both actual damages, attorney's fees and costs and, as the court may allow, additional damages not to exceed $1,000. Here, plaintiff has not suffered any actual damages, but requests the court award $1,000 in statutory damages, $510.00 in costs, and $2,552.50 in attorney's fees. (ECF No. 9).

After considering the foregoing, the court finds good cause to grant plaintiff's motion for default judgment. All of the *Eitel* factors favor judgment in plaintiff's favor. *See Eitel*, 782 F.2d at 1471–72. Plaintiff will be prejudiced if default judgment is not entered, as she will be left without recourse to recover attorney's fees and costs. Further, there is little possibility of dispute concerning material facts, as defendant has not appeared and thus does not dispute plaintiff's alleged FDCPA violations. Moreover, plaintiff has properly complied with Rule 55, and defendant has had ample opportunity to participate in the litigation. Lastly, public policy, the deterrence of unlawful debt collection practices, favors entry of default judgment in this case. Therefore, the court will grant plaintiff's motion for default judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion for default judgment (ECF No. 9) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff shall prepare and file an appropriate judgment for the court's signature consistent with the foregoing within twenty-one (21) days of the entry of this order.

DATED May 23, 2018.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE